UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CLYNCH | : |
| V. | : CIVIL NO. 3:01CV1685 (JBA) |
| STEVE CHAPMAN, JAMES GAROFALO and SALVATORE FORSCHINO | : JANUARY 12, 2004 |

## JOINT TRIAL MEMORANDUM

**(1)   TRIAL COUNSEL**

**For the Plaintiff:**

John R. Williams
Norman A. Pattis
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**For the Defendants:**

James P. Mooney
Law Office of Kelly and Mooney
2452 Black Rock Turnpike
Fairfield, CT 06825-2407
203.373.7780
Fax: 203.373.6860
E-Mail: jpmooney@sbcglobal.net

## (2) JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

## (3) JURY-NONJURY

This is a jury case.

## (4) LENGTH OF TRIAL

Three to four days.

## (5) FURTHER PROCEEDINGS

Defendant Froschino has asked this court to amend its findings to dismiss this case as to him. The court may require some additional oral argument regarding this outstanding request. Both parties have requested permission to make opening statements. Preliminary motions in limine will need to be argued as described below.

## (6) NATURE OF CASE

### Plaintiff's Claims:

The plaintiff was stopped while operating his automobile. He was subjected to a "field sobriety test" and arrested. At police headquarters, breath testing established that he was not intoxicated. He was charged with operating a

motor vehicle while under the influence. He was imprisoned briefly and required to post a bond. His case was dismissed. Following this court's ruling on a motion for summary judgment, the issues remaining in this case are: (1) a Fourth Amendment claim for an unreasonable stop of the plaintiff's motor vehicle; (2) a Fourth Amendment claim for malicious prosecution; (3) a state law claim for intentional or reckless infliction of emotional distress.

**Defendants' Affirmative Defenses:**

1. At all times relevant the defendants, Steve Chapman, James Garofalo and Salvatore Froschino, were engaged in the performance of official duties, which require the exercise of judgment or discretion, as a function of the authority expressly implied granted by the law and therefore they are immune from liability with regard to the plaintiff's claims.

2. The defendants are entitled to qualified immunity, insofar as they did not violate any clearly established constitutional or federal statutory rights of the plaintiff.

3. The defendants are entitled to a qualified immunity in that their actions were at all times objectively reasonable under the circumstances and they held an objectively reasonable belief that their conduct was lawful and did not violate any constitutional or federal statutory right of the plaintiff.

4. The plaintiff's claims under Connecticut law are barred by the doctrine of governmental immunity under Connecticut law.

5. The plaintiff complaint fails to state a claim upon which relief may be granted.

6. None of the alleged actions taken by the defendants were the proximate cause of the plaintiff's alleged emotional distress or any losses or damages.

(7) **TRIAL BY MAGISTRATE JUDGE**

Plaintiff does not agree.

(8) **LIST OF WITNESSES**

   (a)   **Witnesses:**

   **For the Plaintiff:**

   1. The plaintiff will testify regarding all issues in this case and regarding damages.

   2. Defendant Chapman will testify concerning his interactions with the plaintiff on the date in question, concerning his police report, and concerning his prior history of constitutional violations.

   3. Defendant Garofalo will testify concerning his interactions with the plaintiff on the date in question.

   4. Defendant Froschino will testify concerning his interactions with the plaintiff on the date on question.

5. Mary Ellen Ramia, Ansonia, CT, will testify concerning all of the events on the night of plaintiff's arrest.

6. Assistant State's Attorney Paul O. Gaetano, Derby, CT, will testify that the charge against the plaintiff was dismissed because the state did not even have prima facie evidence of a crime.

7. Hon. Joseph H. Sylvester, Judge of the Superior Court, Derby, CT, will testify that the charge against the plaintiff was dismissed on the merits and also will testify concerning the plaintiff's excellent reputation in, and service to, his community prior to his arrest.

**For the Defendants:**

(The following list of possible defense witnesses may be called if the need arises to call them during trial.)

A. Former Derby Police Officer Steve Chapman
C/o Connecticut State Police
1111 Country Club Road
Middletown, CT

Anticipated Testimony: Recall regarding facts surrounding arrest of William Clynch and subsequent events subject of this lawsuit including, but not limited to field sobriety testing, breath testing,

contents of police report, DWI/DUI training, training regarding behavioral portion of 14-227 DWI/DUI statute.

B. Derby Police Officer James Garofalo
C/o Derby Police Department
125 Water Street
Derby, CT

Anticipated Testimony: Recall regarding facts surrounding arrest of William Clynch and subsequent events subject of this lawsuit, DWI/DUI testing and training, field sobriety testing, contents of police report, training regarding behavioral portion of 14-227 DWI/DUI statute.

C. Derby Police Officer Salvatore Froschino
C/o Derby Police Department
125 Water Street
Derby, CT

Anticipated Testimony: Recall regarding interaction with Plaintiff, William Clynch, subsequent to his arrest and regarding his observations of the plaintiff while at the Derby Police Department on the day of his arrest; facts surrounding bail term, if appropriate. (Reference to bail terms should be precluded per court decision on Motion for Summary Judgment.)

D. Derby Police Chief Andrew Cota
C/o Derby Police Department
125 Water Street
Derby, CT

Anticipated Testimony: Recall regarding interaction with witnesses A, B and C above following arrest of William Clynch; Derby Police Department policy regarding alcohol related arrests; bail issues (possible); field sobriety testing procedure; post-arrest procedure; training of Derby Police officers DWI/DUI; arrests pursuant to behavioral portion of 14-227 DWI/DUI statute.

E. Dr. James O'Brien, Ph.D., M.D. (Expert)
31 Surrey Drive
Wethersfield, CT

Anticipated Testimony: See disclosures of expert dated June 19, 2002 and supplement to same dated July 30, 2003, attached hereto as Exhibits 1 and 2.

F. William Clynch
85 Smith Street
Derby, CT

Anticipated Testimony: Recall regarding interactions with police officers, activities prior to arrest on November 1, 2000, alcohol consumed, field sobriety

testing, claimed damages.

**(b)   Exhibits:**

**For the Plaintiff:**

| | | |
|---|---|---|
| | 1 | Misdemeanor Summons and Complaint |
| | 2 | Breathalyzer Test # 1 |
| | 3 | Breathalyzer Test # 2 |
| | 4 | Notice of Rights |
| | 5 | Appearance Bond |
| | 6 | Bondsman's memo |
| | 7 | Valley Auto receipt |
| | 8 | Check for attorney fee |
| | 9 | Defendant Chapman's report |
| | 10 | Defendant Garofalo's report |

**For the Defendants:**

See attached List of Exhibits (Exhibit 3)

**(9)   STIPULATIONS**

**(b)   Jury Trial – Uncontroverted Facts:**

1. At the time of the events in question the Plaintiff was, and he still is, an adult citizen of the United States residing in Derby, Connecticut.

2. At the time of the events in question, the defendants were duly

appointed officers in the police department of Derby, Connecticut, acting in their official capacities.

3. During all of the events in question, the defendants were acting under color of law.

4. At approximately 7:00 p.m. on November 1, 2000, the defendant Chapman pulled the plaintiff over as the plaintiff was operating his car.

5. Defendant Chapman required the plaintiff to perform field sobriety tests.

6. Defendant Chapman thereupon arrested the plaintiff and took him in custody to Derby police headquarters where he twice administered breathalyzer tests to the plaintiff.

7. Defendant Chapman thereafter charged the plaintiff with violating Connecticut General Statutes Section 14-227.

8. Defendant Garofalo was present during the administration of the field sobriety tests.

9. On or about November 17, 2000, Judge Joseph Sylvester dismissed the charge against the plaintiff.

(1) **Proposed Voir Dire Questions:**

Attached.

> **(2)   Proposed Jury Instructions:**
>
> Attached.
>
> **(3)   Proposed Verdict Form:**
>
> Attached.

**(10)   OBJECTIONS TO PROPOSED JURY INSTRUCTIONS:**

**Objections by Plaintiff:**

1. The portion of defendants' Requests to Charge headed "Essential Elements" does not accurately characterize the claims made by the plaintiff, following the court's summary judgment ruling, or the law respecting those claims. See Plaintiff's Requests to Charge and cases cited.

2. The portion of defendants' Requests to Charge headed "Unreasonable Stop" does not accurately characterize the law in this regard. [Delaware v. Prouse, 440 U.S. 648, 650 (1979); Whren v. United States, 517 U.S. 806, 116 S. Ct. 1769, 1772 (1996); Diamondstone v. Macaluso, 148 F.3d 113, 123 (2d Cir. 1998).]

3. The final paragraph under that portion of defendants' Requests to Charge headed "Unreasonable Stop" is inappropriate because a determination that the stop in this case was unreasonable does not necessarily require that the jury believe all of the plaintiff's testimony and disbelieve all of defendant Chapman's testimony.

4. That portion of defendants' Requests to Charge headed "Malicious Prosecution" is not an accurate characterization of the law of malicious prosecution. See Plaintiff's Requests to Charge, paragraphs 14, 15, 16 and 17, and cases cited.

5. That portion of defendants' Requests to Charge headed "Intentional Infliction of Emotional Distress" following the citation to *Appleton v. Board of Education* is one-sided and unbalanced. The portion concluding with the *Appleton* citation, without more, accurately states the law.

6. That portion of defendants' Requests to Charge headed "Damages" is inappropriate because it is not proper to instruct a jury concerning the possible award of attorney fees. [Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000); Brooks v. Cook, 938 F.2d 1048 (9th Cir. 1991). See also HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994).]

7. That portion of defendants' Requests to Charge headed "The Qualified Immunity Doctrine" is inappropriate because it is unnecessary and confusing to charge the jury regarding the fine points of the doctrine when the defendants acknowledge that all the jury is to do is answer specific factual interrogatories and the court will thereupon determine whether the doctrine applies. [Pouillon v. City of Owosso, 206 F.3d 711, 718 (6th Cir. 2000) (Boggs, J.); Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002).] Moreover, the operative questions regarding availability of qualified immunity to the defendants

in this case are not those presented in this request to charge nor in the suggested interrogatories. In that respect, see the analysis of applicable legal principles as applied to the relevant facts set forth in the plaintiff's requests to charge.

8. That portion of the defendants' Requests to Charge headed "Causation/Proximate Cause" are not proper here because they fail to include liability under the doctrine of Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988); Ricciuti v. New York City Transit Authority, 124 F.3d 123, 129 (2d Cir. 1997).

9. That portion of the defendants' Requests to Charge headed "Connecticut General Statutes Section 14-227a(a)(1)" is a misleading and (in the second paragraph) inaccurate statement of the law. While it is not necessary to have proof of blood alcohol level to support a conviction, proof that blood alcohol level is below the mandatory minimum will defeat a conviction. In the underlying criminal prosecution here, indeed, the prosecutor and trial judge so ruled.

**Objections by Defendants:**

Attached.

## 10. DEFENDANTS' OBJECTIONS:

1. The Defendants, Steve Chapman, James Garofalo and Salvatore Froschino anticipate that the Plaintiff, William Clynch will try to unfairly influence the jury by introducing a personal comment by State Court Judge Joseph H. Sylvester on November 17, 2000 at which time the DWI charge was dismissed. This colloquy was as follows:

> Court wishes to address the court.
>
> MR. DILLON: Your Honor, we acknowledge probable Cause. If the court would entertain a dismissal?
>
> MR. GAETANO: No objection.
>
> THE COURT: I would be delighted to dismiss the charge against Mr. Clynch.
>
> Mr. Clynch was my star pitcher. When I got out of the Navy in 1948 --
>
> MR. DILLON: -- So I have heard --
>
> THE COURT: -- I started a young men's baseball team. Those were in the days before there were organized teams for

young men to play baseball. One of the reasons I did, was to get my younger brother, Carl, involved.

And Red Clynch was my star pitcher. All the kids were From Shelton, but we imported Red from East Derby and put him on our team.

He's been an outstanding fellow his entire life. My pleasure to be able to do something for you.

F.R.E. 404 and 405 only allows that character evidence by way of opinion is only allowed where the character of the person is an essential element of a claim charge or defense. Evidence of a person's character is not admissible for the purpose of proving action in conformity therewith. *F.R.E. 404.* Similarly, F.R.E. 608 does not allow a general character reference into evidence. *Hearsay objection: F.R.E. 801.* Additionally, the prejudice created for the Plaintiff and against the Defendants outweighs its probative value. *F.R.E. 403.*

2. The Defendants, Steve Chapman, James Garofalo and Salvatore Froschino anticipate that the Plaintiff, William Clynch will attempt to introduce evidence of prior unrelated arrests by Officer Chapman at or near the

Catholic War Veterans building located in Derby, Connecticut. Paragraphs 7 and 8 of the Plaintiff's Complaint read as follows:

> 7. In the fall of 2000, defendant Chapman launched a campaign of harassment directed against the Catholic War Veterans of Derby. This campaign consisted of habitually "staking out" the club and stopping, interrogating, harassing or even arresting members as they drove away from the clubhouse.
>
> 8. At approximately 7:00 p.m. on November 1, 2000 the defendant Chapman pulled the plaintiff over as the plaintiff was operating his car near the Catholic War Veterans club. Although he knew that the plaintiff was suffering from an injured knee, he forced him to get out of his car and perform so-called "field sobriety tests". He had no basis whatsoever for doing so.

Prior arrests by Officer Chapman at or near the Catholic War Veterans building as a claimed stake-out or campaign of harassment are irrelevant to this instant matter. The Plaintiff's deposition testimony established that Mr. Clynch was not involved with the Catholic War Veterans and was not leaving

the vicinity of the said building at the time of his arrest. His deposition testimony in relevant part reads as follows:

*(Deposition William Clynch dated May 16, 2002 at pages 6-7.)*

Q: I assume from what I've already learned about this case that you've been in the military?

A: Not in the military.

Q: Well, let me ask you this. I assume you're a member of the Catholic War Veterans group?

A: No, I'm not.

Q: Oh. You're not. Have you ever been a member of the Catholic War Veterans group?

A: No. I'm not eligible.

Q: And that would be because you have to be some sort of a --

A: A veteran.

Q: -- a veteran. Do you go to the Catholic War Veterans to socialize with friends?

A: Very seldom.

Q: Okay. I'll get back into this later. But while I think of it,

when you do go to the Catholic War Veterans to socialize, who are your contacts, your friends that you would go there with?

A: I would visit people that I would coach when I was coaching the softball team with the women, and we would go there and have meetings there once in a while and we would stay there.

But I don't think I've been in the Catholic War Veterans six times in my life.

*(Transcript of William Clynch dated May 16, 2002 at page 115.)*

Q: Do you know if there are other related arrests where people submitted to breathalyzers and failed the test?

A: That I can't -- can't answer that.

Q: Okay.

A: I do know of one incident where he got a guy in his own driveway.

Q: But I think you've already told me -- and correct me if I'm wrong.

But you don't really feel that your particular arrest is related to the Catholic War Veterans; is that fair?

A: Definitely not. I was not there. It's no relation, not from where I was coming from and where he was coming from. I had nothing to do with the War Vets.

Thus, any attempts to make reference to prior unrelated DWI/DUI arrests by Officer Chapman are not relevant to this case. *F.R.E. 401.* The introduction of this evidence is prejudicial and of no probative value. *F.R.E. 403.*

3. It is also anticipated that the Plaintiff will attempt to make reference to a subsequent motor vehicle arrest by Officer Chapman (improper use of marker plates) of an unrelated Plaintiff, Jonathan Bacchiocchi, Case No. 3:02-CV-1403 (JCH). Reference to this unrelated subsequent lawsuit is objectionable under F.R.E. 401, 402, 403, 608, 611(a).

4. The Defendants, Steve Chapman, James Garofalo and Salvatore Froschino, request a precautionary warning to the Plaintiff/witness, William Clynch, that during his testimony he should not claim that the following acts violated his constitutional rights:

(a) Bail set at $500.00 – this Eighth Amendment claim was barred by absolute immunity and dismissed on September 30, 2003.

(b)  Towing of vehicle and the resulting tow fee of $73.00 – the court ruled that the towing of this vehicle was not a violation of the Plaintiff's procedural due process rights.  *(See ruling on Motion for Summary Judgment dated September 30, 2003 at page 19.)*

(c)  False Arrest:  the court has ruled that from the time the Defendant, Officer Chapman stopped the Clynch vehicle to the time he administered the second breathalyzer test, there was probable cause for that detention.  Thus, no damages can be claimed for that time period.

11.  **AVAILABILITY OF WITNESSES**:

The Defendants shall ensure the availability at trial of the Defendants' proposed witnesses or shall advise the Court to the contrary if they become unavailable forty-eight (48) hours prior to the commencement of evidence.

THE PLAINTIFF, William Clynch

By: /s/
John R. Williams, Esquire
Williams and Pattis
51 Elm Street, Suite 409
New Haven, Connecticut 06510

THE DEFENDANTS,
Steve Chapman, James Garofalo
and Salvatore Froschino

By: /s/
James P. Mooney, Esquire
Law Office of Kelly & Mooney
2452 Black Rock Turnpike
Fairfield, Connecticut 06432
(203) 373-7780
Federal Bar No.: CT 09070