UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CLYNCH : | CIVIL ACTION NO. |
| : | 301CV01685 (JBA) |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | |
| STEVE CHAPMAN, JAMES : | , 2004 |
| GAROFALO and SALVATORE : | |
| FROSCHINO : | |
| **Defendants** : | |

### 9. (2) DEFENDANTS' EXHIBIT 2 TO PRETRIAL MEMORANDUM - PROPOSED JURY INSTRUCTIONS

1.   42 U.S.C. Section 1983 – Prima Facie Case

I instruct you that to establish a claim under 42 U.S.C. Section 1983, the Plaintiff, William Clynch, must show that each alleged defendant acted intentionally or recklessly. If you find that the acts were merely negligent, even if you find that the Plaintiff was injured as a result of those acts, you must return a verdict for that Defendant.

Negligent Conduct:   may not form the basis of a claim under 42 U.S.C.:A. Section 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Connon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

## Essential Elements of Plaintiff's Section 1983 Claim – Unlawful Police Conduct

In order for the Plaintiff, William Clynch, to prove his claim, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following elements:

First: That each alleged Defendant performed acts which operated to deprive the Plaintiff, William Clynch, of one or more of his Federal Constitutional rights, as defined and explained in these instructions, by:

(a) arresting the Plaintiff without probable cause;

(b) that each alleged Defendant then and there acted under the color of the authority of the State of Connecticut; and

(c) that the act of each alleged Defendant was the proximate cause of damages sustained by the Plaintiff.

## Unlawful Arrest

The Plaintiff, William Clynch, alleges that he was arrested without due process of law. To be deprived of one's liberty without due process of law means to be deprived of such right without the authority of the law. Before you can determine then whether or not the Plaintiff was deprived by each

Defendant of his liberty without due process of law, you must first determine from a preponderance of the evidence in the case whether each Defendant committed the acts alleged and, if so, whether each Defendant acted under circumstances within or without the bounds of their lawful authority under state law. If the Defendants acted within their limits of their lawful authority under state law, then the Defendants could not have deprived the Plaintiff, William Clynch, of any right without due process of law.

Under the law of the State of Connecticut, you are instructed that a police officer has the right to arrest a person without a warrant whenever the police officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. You are further instructed that it is a misdemeanor offense for any person to drive an automobile while intoxicated or under the influence of alcohol in violation of Connecticut General Statutes Section 14-227 or to otherwise violate the established rules of the road, as set forth in Connecticut General Statute Title 14.

In determining whether an officer had reasonable grounds to believe that a person has committed an offense, the facts known to him need not

meet the standard of conclusiveness but rather the actions of the officer in making the arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

    *Source:* *Federal Jury Practice and Instructions Civil,* Dewitt, Blackman and Wolff, Vol. 3 Fourth Edition, Section 103.06.

### 2. Unreasonable Stop

Investigative stops made pursuant to <u>Terry v. Ohio</u>, 392 U.S. 1 (1968) and its progeny require police officers to have a "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" <u>U.S. v. Tehrani</u>, 49 F.3d 54, 58 (2d Cir. 1995) (quoting <u>U.S. v. Sokolow</u>, 490 U.S. 1, 7 (1989)). "The requisite level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence." <u>Id</u>. (quotation omitted) Here, if you credit the witness, Officer Chapman's account that the Plaintiff, William Clynch, crossed a solid white line, was weaving within his own lane, and crossed over the lines of his own lane into neighboring lanes, a <u>Terry</u> stop would be justified as such facts articulate reasonable suspicion that William Clynch was driving under the influence in violation of Connecticut General Statutes Section 14-227a(a). By contrast, if you fully credit William Clynch's account, you may conclude that Officer Chapman lacked reasonable suspicion to pull Clynch over. While reasonable suspicion may not require any actual violation of laws, it requires at least some type of unusual circumstance to make an officer believe a crime is being committed. See e.g. <u>State v. Harrison</u>, 30 Conn.App. 108, 111 (1993).

If all of Mr. Clynch's testimony is believed and none of Officer Chapman's testimony is believed regarding the operation of the vehicle, no reasonable officer could have believed a *Terry* stop was permissible where a driver obeyed all rules of the road and did not appear otherwise criminally suspicious.  See *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000.)

### 3. Reasonable Suspicion

In order to justify an investigative stop or detention, the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity. Not only must he subjectively entertain such a suspicion, but it must be objectively reasonable for him to do so; the facts must be such as would cause any reasonable police officer in like position, drawing when appropriate on his training and experience, to suspect the same criminal activity and the same involvement by the person in question. The corollary to this rule, of course, is that an investigative stop or detention predicated on mere curiosity, rumor, or hunch is unlawful, even though the officer may be acting in complete good faith.

*Authority: Terry v. Ohio, 392 U.S. 1, 22 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).*

### 4. Malicious Prosecution

In analyzing a 42 U.S.C. Section 1983 malicious prosecution claim, the Court makes two inquiries: whether each Defendant's conduct was tortious under applicable state law, and whether the Plaintiff, William Clynch's injuries resulted from a deprivation of liberty guaranteed by the Fourth Amendment. See *Singer*, 63 F.3d at 110, 114, 116.

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – i.e., the right to be free of unreasonable or unwarranted restraints on personal liability. ... A plaintiff asserting a Fourth Amendment malicious prosecution claim under Section 1983 must therefore show some deprivation of liberty consistent with the concept of seizure," and that deprivation must have been effected "'pursuant to legal process.'" *Id*. at 116-17 (quoting *Heck v. Humphrey*, 114 S.Ct. 2364, 2371 (1994). Where, as here, the malicious prosecution claim derives from a warrantless arrest, only post arraignment deprivations of liberty can constitute constitutional seizure. See *Id*.

"'An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution

of criminal proceedings against the plaintiff; (2)   the criminal proceedings have terminated in favor of the plaintiff; (3)   the defendant acted without probable cause; and (4)   the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.'" *LoSacco*, 20 Conn.App. at 19-20 (quoting *McHale v. W.B.S. Corporation*, 187 Conn. 444, 447 (1982)); see also *Vandersluis v. Weil*, 176 Conn. 353, 356 (1978).  With respect to the third element, "[f]or purposes of a vexatious suit action, '[t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' . . . 'Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful founds for prosecuting the defendant in the manner complained of.'" *DeLaurentis v. City of New Haven*, 220 Conn. 225, 256 (1991) (quoting respectively *Wall v. Toomey*, 52 Conn. 35, 36 (1884) and *Shea v. Berry*, 93 Conn. 475, 477 (1919)).

In this matter the Plaintiff, William Clynch's claim as to the third element probable cause would fail if you find that the Defendant, Officer

Chapman had cause to effect a *Terry* stop, as previously described to you.

If the Defendant, Officer Steve Chapman had probable cause to arrest and detain Clynch for DUI as discussed above, he would certainly be reasonable in believing Clynch guilty of a violation of Connecticut General Statutes Section 14-227a(a)(1) such as to justify setting bond, scheduling a date for Clynch's appearance in court, and the filing of an incident report.

If you fully credit the Plaintiff, William Clynch's testimony in which he claims appropriate driving conduct and conclude that the Defendant, Officer Steve Chapman's stopping Clynch violated his Fourth Amendment rights, you can consistently conclude that no officer could have acted in an objectively reasonable manner in charging Clynch with an offense the officer knew could not succeed for lack of admissible evidence. *Boyd v. City of New York*, 336 F.3d at 72 at 76-77 (2nd Cir. 2003).

In order to prevail in a claim for malicious prosecution, the Plaintiff must prove four elements as follows:

(a) that the specific alleged defendant was the efficient cause of the institution of the criminal proceedings against him;

(b) that there was no probable cause;

    (c)  the defendant acted from malice; and that

    (d)  the criminal proceeding terminated in favor of the plaintiff.

If the Plaintiff has proved all of these elements, he is entitled to recover. If he has failed to prove any of them, your verdict must be for the Defendant.

*Source: Connecticut Jury Instructions Section 490,*

*Wright and Ankerman, Volume Two Fourth Edition.*

*See generally: Wochek v. Foley, 193 Conn. 582 (1984);*

*LoSacco, 20 Conn.App. 19-20; Singer v. Fulton County Sheriff,*

*63 F.3d 110 at 114, 116 (2nd Cir. 1995).*