UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CLYNCH | : |
| | : |
| V. | : CIVIL NO. 3:01CV1685 (JBA) |
| | : |
| STEVE CHAPMAN, | : |
| JAMES GAROFALO and | : |
| SALVATORE FORSCHINO | : |

**PLAINTIFF'S PROPOSED VERDICT FORM**

1. Was defendant Chapman's stop of the plaintiff's motor vehicle unreasonable?

    Yes_____       No_____

2. If your answer to Question 1 is "yes," has the defendant proved by a preponderance of the evidence that a properly trained police officer could reasonably have believed that it *was* legally permissible to stop the plaintiff's motor vehicle?

    Yes_____       No_____

3. If your answer to Question 1 is "yes" and your answer to Question 2 is "no," what amount of money do you find fair, just and reasonable to compensate the plaintiff for the unreasonable stop of his motor vehicle?

    $_____

4. If your answer to Question 1 is "yes" and your answer to Question 2 is "no," what amount of money, if any, do you award to the plaintiff as punitive damages against

defendant Chapman for his unreasonable stop of the plaintiff's motor vehicle?

$_____

5. Is defendant Chapman responsible for maliciously prosecuting the plaintiff?

Yes_____     No_____

6. If your answer to Question 5 is "yes," has defendant Chapman proven to you by a preponderance of the evidence that a properly-trained police officer could reasonably have believed that his actions in causing the plaintiff to be prosecuted were lawful?

Yes_____     No_____

7. If your answer to Question 5 is "yes" and your answer to Question 6 is "no," what amount of money is fair, just and reasonable to compensate the plaintiff for the malicious prosecution caused by defendant Chapman?

$_____

8. If your answer to Question 5 is "yes" and your answer to Question 6 is "no," what amount of money, if any, do you award the plaintiff against defendant Chapman as punitive damages for malicious prosecution?

$_____

9. Is defendant Garofalo responsible for maliciously prosecuting the plaintiff?

Yes_____     No_____

10. If your answer to Question 9 is "yes," has defendant Garofalo proven to you by a preponderance of the evidence that a properly-trained police officer could reasonably have believed that his actions in causing the plaintiff to be prosecuted were

lawful?

Yes_____    No_____

11. If your answer to Question 9 is "yes" and your answer to Question 10 is "no," what amount of money is fair, just and reasonable to compensate the plaintiff for the malicious prosecution caused by defendant Garofalo?

$_____

12. If your answer to Question 9 is "yes" and your answer to Question 10 is "no," what amount of money, if any, do you award the plaintiff against defendant Garofalo as punitive damages for malicious prosecution?

$_____

13. Is the defendant Chapman responsible for the intentional or reckless infliction of emotional distress upon the plaintiff?

Yes_____    No_____

14. If your answer to Question 13 is "yes," should the plaintiff be awarded punitive damages against defendant Chapman for his violation of state law?

Yes_____    No_____

15. Is the defendant Garofalo responsible for the intentional or reckless infliction of emotional distress upon the plaintiff?

Yes_____    No_____

16. If your answer to Question 15 is "yes," should the plaintiff be awarded

punitive damages against defendant Garofalo for his violation of state law?

Yes_____        No_____

17. Is the defendant Froschino responsible for the intentional or reckless infliction of emotional distress upon the plaintiff?

Yes_____        No_____

18. If your answer to Question 17 is "yes," should the plaintiff be awarded punitive damages against defendant Froschino for his violation of state law?

Yes_____        No_____

19. If your answer to any one or more of Questions 13, 15 and 17 is "yes," what amount of money is fair, just and reasonable to compensate the plaintiff for the intentional or reckless infliction of emotional distress upon him?

$_____

THE PLAINTIFF

BY /s/ John R. Williams
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

**CERTIFICATION OF SERVICE**

On the above date, copies hereof were mailed to Attorneys James P. Mooney and Raymond J. Kelly, Law Office of Kelly & Mooney, 2452 Black Rock Turnpike, Fairfield, CT 06432.

JOHN R. WILLIAMS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILLIAM CLYNCH** : | CIVIL ACTION NO. |
| : | 301CV01685 (JBA) |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | |
| **STEVE CHAPMAN, JAMES** : | , 2004 |
| **GAROFALO and SALVATORE** : | |
| **FROSCHINO** : | |
| **Defendants** : | |

### 9. (3) DEFENDANTS' RESPONSE TO PRETRIAL MEMORANDUM PROPOSED JURY INTERROGATORIES/VERDICT FORM

I have prepared two forms for you to sue in recording your decisions. The first is a general verdict form. On this form there are spaces to indicate your verdict on each of the Plaintiff's claims as against each Defendant. You should return a verdict as to each Defendant.

The second form contains interrogatories, or written questions about some of the issues in the case. These questions should be answered "yes" or "no". You should answer every question on the form (except where the form indicates otherwise).

Your general verdict and answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

*Source:* *Federal Rule of Civil Procedure 49(b).* <u>Turchio v. D/S A/S Den Norske Africa</u>, *509 F.2d 101, 104 (2nd Cir. 1974).*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CLYNCH : | CIVIL ACTION NO. |
| : | 301CV01685 (JBA) |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | |
| STEVE CHAPMAN, JAMES : | , 2004 |
| GAROFALO and SALVATORE : | |
| FROSCHINO : | |
| **Defendants** : | |

### 9. (3) DEFENDANTS' PROPOSED VERDICT FORMS/INTERROGATORIES

**Defendant, Steve Chapman**

1. Considering all of the instructions of the jury charge, do you find that the Plaintiff, William Clynch proved by a preponderance of the evidence that the Defendant, Officer Steve Chapman violated his Fourth Amendment constitutional rights when he stopped his vehicle on November 1, 2000?

   **Yes** _____    **No** _____

2. Was the Plaintiff, William Clynch's conduct from the time he exited Franco's Restaurant and entered his automobile to the time he was pulled over by Officer Chapman sufficient to justify a reasonable person in believing that there was reasonable ground for stopping his vehicle; and if not:

3. Under these same circumstances described above, would a reasonable police officer have found that probable cause did exist that the Plaintiff, William Clynch had committed or was committing those motor vehicle violations for which he was arrested?

**Yes** _____   **No** _____

4. Considering all of the instructions of the Court regarding the Plaintiff's burden of proof regarding the claim of malicious prosecution, do you find that the Defendant, Steve Chapman's decision to turn this case over to the State's Attorney's office, was done as an act of malice toward Mr. Clynch, primarily for a purpose other than to bring an offender to justice?

**Yes** _____   **No** _____

5. Considering all of the instructions of the Court regarding the Plaintiff's claim of intentional infliction of emotional distress, do you feel that the Defendant, Officer Steve Chapman intended to inflict emotional distress or knew that emotional distress was the likely result of his conduct?

**Yes** _____   **No** _____

6. If the answer to Interrogatory No. 5 above is in the affirmative, was

the Defendant, Officer Steve Chapman's conduct extreme and outrageous under the circumstances?

**Yes** _____   **No** _____

7. If the answers to Interrogatory Nos. 5 and 6 above are in the affirmative, was the Defendant, Officer Steve Chapman's conduct the cause of Mr. Clynch's distress?

**Yes** _____   **No** _____

8. If the answers to Interrogatory Nos. 5, 6 and 7 above are in the affirmative, was the emotional distress sustained by Mr. Clynch severe?

**Yes** _____   **No** _____

**Defendant, James Garofalo**

9. Considering all of the instructions the Court has given you concerning the elements necessary to prove that the Defendants acted jointly and in concert with each other, do you find that the Defendants Chapman and Garofalo joined into a common prosecution or had a common purpose, express or implied, to maliciously prosecute the Plaintiff, William Clynch?

**Yes** _____   **No** _____

10. If Interrogatory No. 9 above is answered in the affirmative, do you

feel that each of the Defendants Chapman and Garofalo had an equal right to govern the movements and conduct of each other?

**Yes** _____   **No** _____

11. Considering all of the instructions of the Court regarding the Plaintiff's claim of intentional infliction of emotional distress, do you feel that the Defendant, Officer James Garofalo intended to inflict emotional distress or knew that emotional distress was the likely result of his conduct?

**Yes** _____   **No** _____

12. If the answer to Interrogatory No. 11 above is in the affirmative, was the Defendant, Officer James Garofalo's conduct extreme and outrageous under the circumstances?

**Yes** _____   **No** _____

13. If the answers to Interrogatory Nos. 11 and 12 above are in the affirmative, was the Defendant, Officer James Garofalo's conduct the cause of Mr. Clynch's distress?

**Yes** _____   **No** _____

14. If the answers to Interrogatory Nos. 11, 12 and 13 above are in the affirmative, was the emotional distress sustained by Mr. Clynch severe?

**Defendant, Salvatore Froschino**

15. Considering all of the instructions of the Court regarding the Plaintiff's claim of intentional infliction of emotional distress, do you feel that the Defendant, Officer Salvatore Froschino intended to inflict emotional distress or knew that emotional distress was the likely result of his conduct?

**Yes** _____  **No** _____

16. If the answer to Interrogatory No. 15 above is in the affirmative, was the Defendant, Officer Salvatore Froschino's conduct extreme and outrageous under the circumstances?

**Yes** _____  **No** _____

17. If the answers to Interrogatory Nos. 15 and 16 above are in the affirmative, was the Defendant, Officer Salvatore Froschino's conduct the cause of Mr. Clynch's distress?

**Yes** _____  **No** _____

18. If the answers to Interrogatory Nos. 15, 16 and 17 above are in the affirmative, was the emotional distress sustained by Mr. Clynch severe?

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CLYNCH | : | CIVIL ACTION NO. |
| | : | 301CV01685 (JBA) |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | |
| STEVE CHAPMAN, JAMES | : | , 2004 |
| GAROFALO and SALVATORE | : | |
| FROSCHINO | : | |
| **Defendants** | : | |

## DEFENDANTS' VERDICT FORM

1. In this case the jury finds the issues for the Defendant, Steve Chapman regarding the clam that he stopped the Plaintiff's automobile without probable cause to do so.

2. In this case, the jury finds the issues for the Defendant, Steve Chapman regarding the Plaintiff's malicious prosecution claim.

3. In this case the jury finds the issues for the Defendant, Steve Chapman regarding the Plaintiff's emotional distress claim.

FOREPERSON

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILLIAM CLYNCH** : | CIVIL ACTION NO. |
| : | 301CV01685 (JBA) |
| **Plaintiff** : | |
| : | |
| **VS.** : | |
| : | |
| **STEVE CHAPMAN, JAMES** : | , 2004 |
| **GAROFALO and SALVATORE** : | |
| **FROSCHINO** : | |
| **Defendants** : | |

### DEFENDANTS' VERDICT FORM

1. In this case, the jury finds the issues for the Defendant, James Garofalo regarding the Plaintiff's malicious prosecution claim.

2. In this case, the jury finds the issues for the Defendant, James Garofalo regarding the Plaintiff's emotional distress claim.

FOREPERSON

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CLYNCH | : | CIVIL ACTION NO. |
| | : | 301CV01685 (JBA) |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | |
| STEVE CHAPMAN, JAMES | : | , 2004 |
| GAROFALO and SALVATORE | : | |
| FROSCHINO | : | |
| **Defendants** | : | |

## DEFENDANTS' VERDICT FORM

In this case, the jury finds the issues for the Defendant, Salvatore Froschino regarding the Plaintiff's emotional distress claim on this day of                    , 2004.

FOREPERSON

_____