FILED

Mar 12  12 54 PM '04

U.S. DISTRICT COURT
NEW HAVEN CONN.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WILLIAM CLYNCH** | : | **CIVIL ACTION NO.** |
| | : | **301CV01685 (JBA)** |
| **Plaintiff** | : | |
| **VS.** | : | |
| **STEVE CHAPMAN, JAMES** | : | **MARCH 10, 2004** |
| **GAROFALO and SALVATORE** | : | |
| **FROSCHINO** | : | |
| **Defendants** | : | |

### DEFENDANTS' MOTION FOR JUDGMENT AS A MATER OF LAW IN A JURY TRIAL PURSUANT TO F.R.C.P. 50(a)

The remaining Defendants, Officer Steve Chapman and Officer James Garofalo respectfully ask this Court to render judgment in their favor regarding the Plaintiff's state law claim of intentional infliction of emotional distress, as authorized by Federal Rules of Civil Procedure 50(a).

#### A. Introduction

1. The Plaintiff is William Clynch. The remaining Defendants are Police Officers Steve Chapman and James Garofalo.

2. The Plaintiff sued these Defendants based upon several theories of liability. Following the partial granting of the Defendants' Motion for Summary

Judgment, the following claims remain:

    (a)  42 U.S.C. 1983 (related remedial statute 42 U.S.C. 1988);

    (b)  malicious prosecution based upon state law claims;

    (c)  intentional infliction of emotional distress based upon state law claims; and

    (d)  state constitutional claims based upon violations of Article 1 Sections 5, 7 and 9 are similar to Section (A) above.

3. On December 4, 2001 the Defendants answered and asserted the affirmative defenses of immunity from liability, qualified immunity whereas no clearly established constitutional rights were violated, qualified immunity where the actions of the Defendant Police Officers were objectively reasonable under the circumstances, governmental immunity under state law, and for failure to state a claim upon which relief can be granted.

4. The case is called for trial commencing April 13, 2004.

5. The Defendants seek judgment as a matter of law because the Plaintiff has not presented legally sufficient evidence to sustain a claim of intentional infliction of emotional distress upon which a reasonable jury could find for the Plaintiff.

## B. Argument

6. The Court may render judgment as a matter of law against a party who, after being fully heard on an issue, does not present facts constituting a prima facie case and does not meet its burden of production. See Fed. R. Civ. P. 50(a)(1); St. Mary's Honor Ct. v. Hicks, 509 U.S. 502, 509, 113 S.Ct. 2742, 2748 (1993).

7. The Plaintiff, William Clynch, rested his case in chief and has been fully heard on all issues on which he has the burden of proof.

8. The Plaintiff, William Clynch, has pleaded a claim for intentional infliction of emotional distress. To sustain this claim, the Plaintiff must prove the following: (1) the Defendants intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of defendant's conduct; (2) the Defendants' conduct was extreme and outrageous; (3) the Defendants' conduct was the cause of Plaintiff's distress; (4) the emotional distress sustained by the Plaintiff was severe. See Appleton v. Bd. Of Educ. Of Town of Stonington, 254 Conn. 205, 210 (2000). Extreme and outrageous conduct is defined as that which "exceeds all bounds usually tolerated by decent society." Appleton, 254 Conn. at 210

*(quoting Peytan v. Ellis, 200 Conn. 243, 254 n. 5 (1986).*

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!
>
> *Id.* at 210-11 (quotation omitted).

9. The Court should grant judgment in favor of the Defendants, Steve Chapman and James Garofalo, as a matter of law. There is no legally sufficient basis for the jury to find for the Plaintiff because there is a complete absence of pleading or proof on the issues material to the cause of action. *See generally, Singer v. Dungan, 45 F.3d 823, 827-828 (4th Cir. 1995).* There was no credible evidence that the Defendants intended to inflict distress upon the Plaintiff, William Clynch, the Defendants' conduct was not extreme as a matter of law, there was no credible evidence that the Plaintiff's claimed

distress was severe, and there was no evidence that outrageous conduct by the Defendants was the actual cause of severe distress.

### C. Conclusion

10.    F.R.C.P. 50(a) allows this Court to give the Defendants' judgment as a matter of law where the Plaintiff's trial evidence is legally insufficient. In this case the Plaintiff, William Clynch, did not present substantial evidence of a quality and weight that a reasonable and fair minded jury in the exercise of impartial judgment might reach a different conclusion. See *Rutherford v. Harris County*, 197 F.3d 173, 179 (5th Cir. 1999).

For these reasons, the Defendants, Steve Chapman and James Garofalo ask the Court to render judgment as a matter of law in their favor.

THE DEFENDANTS,
Steve Chapman, James Garofalo
and Salvatore Froschino

By: _____
James P. Mooney, Esquire
Law Office of Kelly & Mooney
2452 Black Rock Turnpike
Fairfield, Connecticut 06825
(203) 373-7780
Federal Bar No.: CT 09070

## **CERTIFICATION**

This is to certify that on March 10, 2004 a copy of the foregoing Defendants' Motion for Judgment as a Matter of Law in a Jury Trial Pursuant to F.R.C.P. 50(a) was mailed, postage prepaid, via first class U.S. mail, to:

Attorney John Williams
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut   06510

JAMES P. MOONEY, Esquire
Federal Bar No.: CT 09070