UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CLYNCH | : | |
| | : | |
| V. | : | CIVIL NO. 3:01CV1685 (JBA) |
| | : | |
| STEVE CHAPMAN, | : | |
| JAMES GAROFALO and | : | |
| SALVATORE FORSCHINO | : | MARCH 29, 2004 |

### BRIEF IN OPPOSITION TO DEFENDANTS' RULE 50 MOTION

In what can best be characterized as an exercise in wishful thinking, the defendants, on March 10, 2004, filed a Rule 50 motion with this court, claiming that the plaintiff "rested his case in chief and has been fully heard on all issues on which he has the burden of proof" and that his supposed case contained "no credible evidence that the Defendants intended to inflict distress upon [him],...the "defendants' conduct was not extreme as a matter of law, there was no credible evidence that the Plaintiff's claimed distress was severe, and there was no evidence that outrageous conduct by the Defendants was the actual cause of severe distress."

Perhaps the defendants were simply "warming up" an argument for later, less frivolous, presentation to the court during the actual trial; but since the motion has been filed at this time, the plaintiff is obligated to respond.

1

Many courts have held facts no more offensive than those alleged here to be sufficiently "extreme and outrageous" to meet that element of the wrong. In <u>Gilman v. Gilman</u>, 46 Conn. Sup. 21, 736 A.2d 199 (1999), the defendant had telephoned the police and falsely reported that her ex-husband was smoking marijuana in his house, at a time when she knew he was entertaining a new girlfriend, resulting in disruption of their dinner. In <u>McKelvie v. Cooper</u>, 190 F.3d 58 (2d Cir. 1999), the Second Circuit, applying Connecticut law, held that the alleged actions of police officers in abusing the patron of a bar during a search of the premises could be found by a jury to be sufficiently extreme and outrageous to warrant a verdict in the plaintiff's favor. In <u>Moss v. Town of East Haven</u>, 2001 WL 1002684, at *2 (Conn. Super. 2001), the court held that a police officer's conduct at the plaintiff's home in threatening the plaintiff "with his hand on his exposed service revolver" while not allowing the plaintiff to leave, was sufficiently "extreme and outrageous" to warrant submitting the action to a jury's determination. Surveillance by an insurance company to determine the validity of a claim was held sufficiently extreme and outrageous to withstand a motion to dismiss in <u>Bosco v. MacDonald</u>, 13 Conn. L. Rptr. No. 10, 312 (1995). In a similar case, the United States Court of Appeals for the First Circuit, applying Connecticut law, held that a union officer's conduct over a period of three weeks in driving by a union member's home several times a day and following him when he left his house was sufficiently extreme and outrageous to support a jury verdict in the member's favor. <u>Johnson v. Teamsters Local 559</u>, 102 F.3d 21 (1st Cir. 1996). See also <u>Anderson v. Drapp</u>, 35

2

Conn. L. Rptr. No. 11, 415 (2003) (Doherty, J.), holding that criminal stalking over a long period was "extreme and outrageous" within the meaning of the common law. In <u>Desardouin v. United Parcel Service, Inc.</u>, 285 F. Sup. 2d 153, 161 (D. Conn. 2003), the court held that comments by the defendant's driver, made in the presence of the plaintiff's customers, suggesting that the plaintiff was a poor credit risk and arguably making racially demeaning references to him, could be found "extreme and outrageous" so as to survive a motion for summary judgment. An allegation that a police officer had written a letter in support of his former girlfriend, who was a fellow officer, in which he falsely asserted that a person who had brought charges against her was lying, asserted conduct that was sufficiently extreme and outrageous to survive summary judgment. <u>Stack v. Jaffee</u>, 248 F. Supp. 2d 100, 104-05 (D. Conn. 2003) (Burns, J.). The action of a police officer in sending a taunting Christmas card to a pretrial detainee at the Hartford Correctional Center was sufficiently "extreme and outrageous" to survive a motion to strike. <u>Johnson v. Martin</u>, 2 Conn. Ops. 764, 1996 WL 383351, at *3 (Conn. Super. 1996) (Sheldon, J.). The disputed allegation that the defendant physicians had falsely reported to police that the plaintiff had physically abused his wife, causing the plaintiff to be arrested, were potentially sufficiently extreme and outrageous to require denial of a motion for summary judgment in <u>Pantaleo v. Ravski</u>, 19 Conn. L. Rptr. No. 1, 28 (1997) (Silbert, J.). The action of a school official in falsely reporting suspected child abuse to the Department of Children and Families was held sufficiently "extreme and outrageous" to survive a motion for summary judgment in <u>Chain v. Biddle</u>, No. CV-

97-0407047 (N.H. Sup. Ct. 1999) (Licari, J.); and to survive a Motion to Strike in Greco v. Anderson, 28 Conn. L. Rptr. No. 17, 605 (2001) (Shortall, J.).

All of these cases found the conduct alleged to be such that a jury representing a fair cross-section of the community should determine whether it was "extreme and outrageous" as required by the law. Ultimately, it is a community standards test that applies. For a court to strike a complaint at the pleading stage, or to grant summary judgment prior to trial, constitutes a judicial determination as a matter of law that the alleged conduct is acceptable in our society. In any case where it is not obvious that the conduct *is* acceptable, the court should defer to the collective wisdom of the jury. Faraclas v. Botwick, 32 Conn. L. Rptr. No. 11, 414 (2002).

Other jurisdictions agree with Connecticut's prevailing view that a very wide range of human interaction, when presented as the tort of intentional infliction of emotional distress, can withstand a motion to dismiss. Mejia v. City of New York, 119 F. Supp. 2d 232, 285-86 (E.D.N.Y. 2000) (racial remarks by a police officer[1]); Brown v. Muhlenberg Township, 269 F.3d 205 (3d Cir. 2001) (police officer shot plaintiff's dog). Often, it is not the discrete, individual acts that rise to the level of extreme and outrageous conduct, but the pattern of such discrete acts that does so. *E.g.*, Davignon

---

[1] The court also held that a lower standard for outrageousness applies when the defendant is a public official, like a police officer, because misconduct by one in a position of power is by its very nature more offensive than similar misconduct by a private citizen.

4

v. Clemmey, 322 F.3d 1, 6-7 (1st Cir. 2003) ("a long and relentless campaign of harassment and intimidation").

This court does not "sit as a seventh juror." The plaintiff has a right to have a jury determine whether the conduct in question is sufficiently outrageous to justify an award of damages. Berry v. Loyseau, supra, 223 Conn. at 807; Mather v. Griffin Hospital, 207 Conn. 125, 138 (1988).

As to the claim that there is insufficient evidence of actual emotional distress in this case, Connecticut law is clear that medical evidence is not necessary to support a judgment for emotional distress damages. The credible testimony of the victim is sufficient. Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992); Schanzer v. United Technologies Corp., 120 F. Supp. 2d 200, 217 (D. Conn. 2000). In Opielowski-Brouwer v. Haddam Hills Academy, 31 Conn. L. Rptr. No. 6, 193 (2002) (Shapiro, J.), the court refused to reduce a jury's award of $260,000 for emotional distress caused by an employer's verbally threatening and abusive conduct during the plaintiff's wrongful termination from employment, in the absence of any medical evidence. Emotional distress consisting of a loss of joy in the everyday events of life, characterized by no longer singing in the shower, with no professional attention whatsoever, is sufficient not only to establish this element of the tort but to support a substantial six-figure jury award. DeLaurentis v. City of New Haven, 220 Conn. 225, 597 A.2d 807 (1991). "Just as the fact of treatment is not sufficient to prove the existence of severe emotional distress, the absence of treatment does not preclude proof of severe emotional

5

distress." <u>Birdsall v. City of Hartford</u>, 249 F. Supp. 2d 163, 175 (D. Conn. 2003) (Underhill, J.) (holding that "memory loss and anxiety...are sufficiently serious that a reasonable jury could find for the plaintiff").

Both now, and later when the plaintiff actually does have the opportunity to present his evidence, the defendants' Rule 50 motion must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Attorney for Plaintiff

**CERTIFICATION OF SERVICE**

On the above date, a copy hereof was mailed to Attorneys James P. Mooney and Raymond J. Kelly, Law Office of Kelly & Mooney, 2452 Black Rock Turnpike, Fairfield, CT 06432.

_____
JOHN R. WILLIAMS