UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

William CLYNCH,
    plaintiff,

    v.

Steve CHAPMAN and
    James GAROFALO,
    defendants.

:
:
:
:
:
:
:
:
:
:

No. 3:01cv1685(JBA)

## JURY INSTRUCTIONS for PHASE ONE

You have now heard all of the evidence in this phase.  I shall now instruct you concerning the applicable law.  After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.  Your verdict in this phase will be comprised of your answer to the following question:

> Has William Clynch proved that, when he was pulled over on November 1, 2000, Officer Steve Chapman both had not observed any traffic violation by plaintiff and lacked reasonable suspicion that Mr. Clynch was driving under the influence of alcohol?

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is

1

or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You are also not to be swayed by sympathy.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

## ROLE OF ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper. The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve these disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys. You are to decide this case solely on the basis of the evidence. Remember, questions, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

4

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  It is the witnesses' answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness agreed with it, you may find those facts to be true, but you may not consider a fact to be true simply because it was in the lawyer's question.

Testimony that has been excluded or struck by the Court is also not evidence and may not be considered by you in rendering your verdict.  Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.  Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness's testimony contradictory? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may

have shown for or against any party as well as any interest the witness has in the outcome of the case.  The parties' obvious interest in the outcome of the case should be considered by you. You should also consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. You infer a fact from other facts using your reason and experience and common sense.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts that have been established by either direct or circumstantial evidence. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

## WITNESS WITH SPECIAL KNOWLEDGE AND TRAINING

You have heard testimony from Dr. James O'Brien, M.D.  He was allowed to express his opinions on matters about which he has special knowledge and training.  His testimony and opinions were presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the testimony of this witness, you may consider his qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give his testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept the testimony of this witness merely because he has special knowledge and training.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

If you decide that the opinion of this witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of that opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

11

BURDEN OF PROOF

The plaintiff William Clynch has the burden of proving each element of his claim by a preponderance of the evidence. I will shortly be instructing you on what those elements are. If you find that any one of the elements has not been proved by a preponderance of the evidence, you must return a verdict in favor of the defendant Steve Chapman.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, the plaintiff has not sustained his burden of proof and you must find in the defendant's favor. If you conclude that the scales are evenly balanced and that neither side's evidence outweighs the other's, then the defendant must prevail because the plaintiff has failed to meet his burden of proving his case by a

12

preponderance of the evidence.

Remember this is a civil case, not a criminal case.  The burden of proof differs in civil cases from the burden of proof in criminal cases.  In criminal cases, the burden of proof is proof beyond a reasonable doubt.  That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

13

## FOURTH AMENDMENT CLAIM

Title 42, Section 1983 of the United States Code provides that a person may seek money damages against another person who, under the apparent authority of state law, deprives that person of any rights protected by the Constitution or laws of the United States:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

The plaintiff William Clynch has brought this lawsuit to obtain redress for what he contends was a violation of his right by defendant Steve Chapman under the United States Constitution's Fourth Amendment to be free from unreasonable seizure. In order to prevail on his claim against defendant Chapman under section 1983, plaintiff must prove two elements:

(1) that Chapman acted under color of state law. This element is undisputed, and you need not make further factual findings. By way of explanation, section 1983 is applicable only to conduct made possible by virtue of the authority that the state has conferred on the actor and is therefore applicable only to misuse of such official power or authority, but not merely because an official simply happens to be a public official. In the present case, all parties are in agreement that Chapman acted

14

under color of state law, that is, in his capacity as a police officer employed by the City of Derby, Connecticut; and

(2) that Chapman's acts operated to deprive plaintiff of his Fourth Amendment right to be free from unreasonable seizure.

It is not necessary to find that Chapman had any specific intent to deprive plaintiff of any constitutional right in order for plaintiff to prevail on his section 1983 claim. Plaintiff is entitled to relief against Chapman if Chapman intended the actions or conduct which resulted in a violation of the plaintiff's rights, or if he acted in reckless disregard of the plaintiff's rights. "Reckless disregard" means not caring whether or not his conduct violated plaintiff's rights. However, section 1983 is not violated by mere negligence on the part of Chapman, that is by an inadvertent or accidental action.

I will now describe the specific constitutional right which the plaintiff claims Chapman deprived him of by his conduct.

15

## FOURTH AMENDMENT UNREASONABLE SEIZURE

The Fourth Amendment guarantees, among other things,

" the right of the people to be secure in their persons
. . . against unreasonable ... seizures . . ."

A person has a constitutional right to be free from unreasonable seizure, that is, in this case, being stopped by a police officer for no reason.  However, if a police officer observes the commission of a traffic violation or has reasonable suspicion supported by articulable facts that criminal activity may be afoot - here, driving under the influence of alcohol, an officer is justified in stopping the person who committed the traffic violation or whose behavior or circumstances gave rise to suspicion of driving under the influence.  Therefore, your task will be to determine whether plaintiff has proved by a preponderance of the evidence that, on November 1, 2000, Officer Chapman both did not observe any traffic violation by plaintiff and lacked reasonable suspicion that Mr. Clynch was driving under the influence of alcohol.  Driving while under the influence of alcohol means, under the law of Connecticut, that a driver had become so affected in his or her mental, physical or nervous processes that he or she lacked to an appreciable degree the ability to function properly in relation to the operation of his or her vehicle.

With respect to "reasonable suspicion," it is not required that Mr. Clynch actually was driving under the influence, but it

16

does require that Officer Chapman observed circumstances which caused him to reasonably suspect Mr. Clynch was doing so. The requisite level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. However, it can not be predicated on mere curiosity, rumor or hunch, or for no reason even if Chapman was acting in good faith. Further, the evaluation of reasonable suspicion must be made based on evidence of what Officer Chapman observed up to and including the time of stopping Mr. Clynch's automobile. You have heard evidence of post stop events, including performance of sobriety tests and breathalyzer tests; however, with respect to evaluating reasonable suspicion, these were only offered to aid you in assessing what took place up to and including the stopping of Mr. Clynch's automobile and the credibility the parties' competing perceptions of those events.

This is not a false arrest claim and the legality of Chapman's arrest of Clynch after stopping him is not at issue. Rather, it is a pre-arrest Fourth Amendment claim of unreasonable seizure - i.e. stopping Clynch's automobile without having observed any traffic violation and without having reasonable suspicion of driving under the influence. You will render your verdict on this claim by answering one question:

> Has William Clynch proved that, when he was pulled over on November 1, 2000, Officer Steve Chapman both had not

17

observed any traffic violation by plaintiff and lacked
reasonable suspicion that Mr. Clynch was driving under the
influence of alcohol?

18

## NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

19

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave

20

your jury room without first notifying the marshal, who will escort you.  No deliberation may take place without all jurors being present.

21

## EXPLANATION OF VERDICT FORM

A verdict form has been prepared for your use. You will take this verdict form to the jury room and answer the one question asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answer, date and sign the verdict form. Then inform the marshal that you have reached a verdict.

You will have exhibits with you in the jury room. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and, in fact, any communication with the Court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should not specify your numerical division at any time.

It is proper to add a final caution. Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Thank you.